*E-Filed 3/12/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. GRIFFITH, | No. C 11-1005 RS (PR) |
| Petitioner, | **ORDER DISSOLVING STAY AND REOPENING ACTION;** |
| v. | **ORDER TO SHOW CAUSE;** |
| BRENDA M. CASH, Warden, | **ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**; |
| Respondent. | **INSTRUCTIONS TO CLERK** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The action was stayed while petitioner exhausted his state judicial remedies. Petitioner's motion to reopen the action and to dissolve the stay (Docket No. 16) is GRANTED. The order staying the action (Docket No. 8) is VACATED, the stay is DISSOLVED, and the action REOPENED. The amended petition (Docket No. 12) is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

According to the petition, in 2008, a Monterey County Superior Court jury convicted petitioner of voluntary manslaughter and the personal use of a firearm. Consequent to the verdicts, petitioner was sentenced to 21 years in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the dismissal of a juror and the restarting of jury selection violated the Double Jeopardy Clause; (2) the imposition of the upper term of 21 years violated petitioner's Sixth Amendment rights; (3) defense counsel rendered ineffective assistance in various ways;[1] (4) appellate counsel rendered ineffective assistance; (5) the trial court imposed the sentence in violation of state law and due process; (6) the trial court deprived petitioner of his right to counsel and to due process when it failed to grant a continuance; (7) the trial court denied a defense expert access to the evidence, thereby depriving petitioner of a fair trial as guaranteed by due process; (8) the admission of irrelevant and inflammatory evidence violated due process;[2] (9) the trial court impugned the integrity of defense counsel and "unfairly upheld" the credibility of a witness; (10) the

---

[1] This encompasses claims 4–6, 13, 16, 18, 19 & 20 as listed in the amended petition.

[2] This encompasses claims 11 & 22 as listed in the amended petition.

prosecutor committed misconduct in various ways;[3] (11) the trial court improperly denied the admission of evidence;[4] (12) the trial court denied petitioner the right to represent himself;[5] and (13) the jury failed to use the beyond a reasonable doubt standard. Liberally construed, Claims 1–4 and 6–13 appear to be cognizable in a federal habeas action. Claim 5 is DISMISSED without leave to amend because, as a state law claim, it is not cognizable on federal habeas review. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or

---

[3] This encompasses claims 14, 21 & 23 as listed in the amended petition.

[4] This encompasses claims 15 & 22 as listed in the amended petition.

[5] This encompasses claims 16 & 17 as listed in the amended petition.

statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    8. Petitioner's motion for the appointment of counsel (Docket No. 16) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a) (2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

    9. The Clerk shall reopen the action, and terminate Docket Nos. 15 & 16.

**IT IS SO ORDERED**.

DATED: March 12, 2012

RICHARD SEEBORG
United States District Judge